**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16 C 7553 |
| LIBERTY POWER HOLDINGS LLC, a Delaware limited liability company, | ) ) ) | Judge Samuel Der-Yeghiayan |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Liberty Power Holdings LLC ("Liberty Power"), by its attorneys, answers

Plaintiff's class action complaint as follows:

1.      This is a consumer class action-based upon Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Defendant called Plaintiff and other putative class members on their residential telephone lines using an artificial or prerecorded voice without their prior express consent and called Plaintiff and other putative class members on their residential telephone lines more than once in a 12 month period despite those lines being on the national Do Not Call registry.  Defendant willfully chose to ignore compliance with the TCPA.  As such, Defendant willfully inundated Plaintiff and other putative class members with illegal telemarketing calls.

**ANSWER:**     Defendant admits that Plaintiff filed this putative class action under the

Telephone Consumer Protection Act ("TCPA").  Defendant denies that it violated the TCPA and it

willfully ignored compliance with the TCPA.  Defendant denies the remaining allegations in

Paragraph 1.

2.      Plaintiff is an individual who resides in this district.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 2.

13096467.1

3.      Defendant is a Delaware limited liability company with its principal place of business in Ft. Lauderdale, Broward County, Florida.

**ANSWER:**      Defendant admits the allegations in Paragraph 3.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**      Defendant admits the allegations in Paragraph 4.

5.      Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

**ANSWER:**      Defendant admits that venue is proper.  Defendant denies the allegations regarding the alleged events giving rise to the claims.  Defendant denies any remaining allegations in Paragraph 5.

## COUNT I

6.      Plaintiff incorporates herein by references paragraphs 1-5.

**ANSWER:**      Defendant incorporates its answers to Paragraphs 1 – 5 as its answer to Paragraph 6.

7.      47 U.S.C. § 227(b)(1)(B) makes it unlawful for any person

to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

**ANSWER:**      Defendant admits that Paragraph 7 incorporates a portion of the TCPA. Defendant denies that Paragraph 7 quotes the entirety of the TCPA or the totality of the TCPA that is applicable.  Defendant denies any remaining allegations in Paragraph 7.

8.      On November 13, 2015 at 9:53 a.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.

9.     On December 18, 2015 at 3:47 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9.

10.     On January 19, 2016 at 11:10 a.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph10.

11.     On February 11, 2016 at 6:25 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11.

12.     On March 4, 2016 at 10:14 a.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

13.     On March 18, 2016 at 632 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**    Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

14.    On April 11, 2016 at 3:43 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**    Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14.

15.    On April 20, 2016 at 1:49 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**    Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.

16.    On May 2, 2016 at 5:06 p.m., Plaintiff received a telemarketing, sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**    Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16.

17.    On May 6, 2016 at 1:14 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**    Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

18.    On May 11, 2016 at 3:04 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.

19.     Each of the aforementioned calls used an artificial or prerecorded voice to deliver a message that Defendant was attempting to sell a potential discount on electricity.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19.

20.     Defendant did not have Plaintiff's prior express consent to make any of the aforementioned calls.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21.     None of the aforementioned calls was initiated for emergency purposes or exempted by rule or order of the Federal Communications Commission.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21.

22.     Plaintiff brings this action individually and on behalf of the following putative Artificial Voice Class:

> All persons within the United States who received, since July 26, 2012, one or more telephone calls by, or on behalf of, Liberty Power Holdings LLC ("Defendant"), that were made using an artificial or prerecorded voice and for which (a) the called telephone numbers appear in the records of Defendant, Defendant's third party telephone carrier(s) or the third party telephone carriers of Defendant's call centers or (b) for which the called persons' own records prove that they received such calls.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 22.

23.     The Artificial Voice Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Artificial Voice Class size and modest value of individual claims.  On information and belief, there are more than 100 persons meeting the above-referenced Artificial Voice Class definition.  Artificial Voice Class members can be identified through Defendant's records.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 23.

24.     Plaintiff's claims are typical of the claims of the Artificial Voice Class members, as they are based on the same legal theory and arise from the same unlawful and willful conduct.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 24.

25.     There are common questions of law and fact affecting members of the Artificial Voice Class, which common questions predominate over questions that may affect individual members.  These common questions include, but are not limited to:

a.     Whether Defendant made non-emergency telephone calls to Artificial Voice Class members' residential telephone lines using an artificial or prerecorded voice;

b.     Whether Defendant had express consent of Artificial Voice Class members to receive such calls;

c.     Whether Defendant acted knowingly or willfully; and

d.     Whether Defendant should be enjoined from making non-emergency telephone calls to residential telephone lines using an artificial or prerecorded voice.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 25.

26.     Plaintiff will fairly and adequately represent the Artificial Voice Class members.  Plaintiff has no interests that conflict with the interests of Artificial Voice Class members.  Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 26.

27.     This action should be maintained as a class action because the prosecution of separate actions by individual Artificial Voice Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Artificial Voice Class.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 27.

28.     Whether Defendant failed to comply with 47 U.S.C. § 227(b)(1)(B) can be easily determined by a review of its policies and records.

**ANSWER:**     Defendant denies it failed to comply with the TCPA.  Defendant denies the

remaining allegations in Paragraph 28.

29.     A class action is a superior method for the fair and efficient adjudication of this controversy, particularly given the modest size of claims.  Management of the Artificial Voice Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant made the aforementioned calls to Plaintiff and similar calls to Artificial Voice Class members knowing that it was using an artificial or prerecorded voice.

**ANSWER:**     Defendant denies the allegations in Paragraph 30.

31.     Defendant was aware, prior to making the aforementioned calls to Plaintiff and similar calls to Artificial Voice Class members, that it was prohibited by the TCPA from calling Plaintiffs and Artificial Voice Class members' residential telephone lines using an artificial or prerecorded voice.

**ANSWER:**     Defendant denies that Defendant made telemarketing sales calls to Plaintiff

or others using artificial or prerecorded voice messages.  Defendant admits that it was aware of the

prohibitions under the TCPA regarding artificial or prerecorded voice messages.  Defendant denies

the remaining allegations in Paragraph 31.

32.     Defendant knowingly and willfully violated the TCPA.

**ANSWER:**     Defendant denies the allegations in Paragraph 32.

33.     Pursuant to 47 U.S.C. §227(b)(3)(B), Plaintiff and each Artificial Voice Class member is entitled to statutory damages of $500 for each of Defendant's illegal calls.

**ANSWER:**     Defendant denies the allegations in Paragraph 33.

34.     Pursuant to 47 U.S.C, §227(b)(3), Plaintiff and each Artificial Voice Class member is entitled to treble damages of up to $1,500 for each of Defendant's illegal calls.

**ANSWER:**     Defendant denies the allegations in Paragraph 34.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in

Defendant's favor and against Plaintiff and award Defendant its costs and such other relief as this

Court deems just.

## COUNT II

35.     Plaintiff incorporates herein by references paragraphs 1-5.

**ANSWER:**     Defendant incorporates its answers to Paragraphs 1 – 5 as its answer to

Paragraph 35.

36.     Pursuant to 15 U.S.C. § 6151, the Federal Trade Commission ("FTC") was authorized to implement and enforce a national do-not-call registry.

**ANSWER:**     Defendant admits the allegations in Paragraph 36.

37. The FTC established a do-not-call registry in 2003.

**ANSWER:** Defendant admits the allegations in Paragraph 37.

38. Pursuant to 47 C.F.R. 64.1200(c),

No personal or entity shall initiate any telephone solicitation to:

* * *

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal. Government....

**ANSWER:** Defendant admits that Paragraph 38 incorporates a portion of 47 C.F.R. 64.1200(c). Defendant denies that Paragraph 38 quotes the entirety of 47 C.F.R. 64.1200(c) or the totality of 47 C.F.R. 64.1200(c) that is applicable. Defendant denies any remaining allegations in Paragraph 38.

39. On March 30, 2012, Plaintiff registered his residential telephone line, number xxx-xxx-1188, with the national Do Not Call registry ("DNC list").

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40. Plaintiff has never removed his residential telephone line from the DNC list.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41. On November 13, 2015 at 9:53 a.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41.

42.     On December 18, 2015 at 3:47 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42.

43.     On December 18, 2015 at 3:54 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.

44.     On December 18, 2015 at 3:55 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44.

45.     On December 18, 2015 at 3:57 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45.

46.     On December 18, 2015 at 3:58 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46.

47.     On December 18, 2015 at 3:58 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47.

48.     On December 18, 2015 at 3:59 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48.

49.     On December 18, 2015 at 4:00 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49.

50.     On January 19, 2016 at 11:10 a.m., Plaintiff received a telemarketing sales call from Defendant, o on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50.

51.     On February 11, 2016 at 6:25 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51.

52.     On February 11, 2016 at 6:31 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52.

53. On February 11, 2016 at 6:31 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53.

54. On February 11, 2016 at 6:32 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54.

55. On February 12, 2016 at 5:27 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55.

56. On February 12, 2016 at 5:29 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56.

57. On February 12, 2016 at 5:29 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58. On. March 4, 2016 at 10:14 a.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58.

59. On March 18, 2016 at 6:32 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59.

60. On April 11, 2016 at 3:43 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61. On April 20, 2016 at 1:49 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61.

62. On May 2, 2016 at 5:06 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62.

63.     On May 2, 2016 at 5:12 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63.

64.     On May 2, 2016 at 5:13 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64.

65.     On May 6, 2016 at 1:14 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66.     On May 6, 2016 at 1:17 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:**     Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66.

67.     On May 6, 2016 at 1:17 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67.

68. On May 11, 2016 at 3:04 p.m., Plaintiff received a telemarketing sales call from Defendant, or n Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69. On May 11, 2016 at 3:08 p.m., Plaintiff received a telemarketing sales call from Defendant, or on Defendant's behalf, on his residential telephone line.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69.

70. None of the aforementioned calls was initiated for emergency purposes or exempted by rule or order of the Federal Communications Commission.

**ANSWER:** Defendant denies that Plaintiff received a telemarketing sales call from Defendant or on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 70.

71. Plaintiff brings this action individually and on behalf of the following putative DNC Class:

> All persons within the United States who received, since July 26, 2012, more than one telephone call within any 12-month period by, or on behalf of Liberty Power Holdings LLC ("Defendant") to a residential telephone line that was registered with the national Do Not Call registry maintained by the Federal Government and for which (a) the called telephone numbers appear in the records of Defendant, Defendant's third party telephone carrier(s) or the third party telephone carriers of Defendant's call centers or (b) for which the called persons' own records prove that they received such calls.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 71.

72.     The DNC Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected DNC Class size and modest value of individual claims.  On information and belief, there are more than 100 persons meeting the above-referenced DNC Class definition. DNC Class members can be identified through Defendant's records.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 72.

73.     Plaintiff's claims are typical of the claims of the DNC Class members, as they are based on the same legal theory and arise from the same unlawful and willful conduct.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 73.

74.     There are common questions of law and fact affecting members of the DNC Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to

a.     Whether Defendant made telephone calls to PNC Class members' residential telephone lines at times when the lines were registered on the national Do Not Call registry;
b.     Whether Defendant acted knowingly or willfully; and
c.     Whether Defendant should be enjoined from making telephone calls to residential telephone lines that are registered with the national Do Not Call registry.

**ANSWER:**     Defendant admits that Plaintiff filed a putative class action.  Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 74.

75.     Plaintiff will fairly and adequately represent the DNC Class members. Plaintiff has no interests that conflict with the interests of DNC Class members.  Plaintiff

has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

**ANSWER:** Defendant admits that Plaintiff filed a putative class action. Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 75.

76.     This action should be maintained as a class action because the prosecution of separate actions by individual DNC Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the DNC Class.

**ANSWER:** Defendant admits that Plaintiff filed a putative class action. Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 76.

77.     Whether Defendant failed to comply with 47 C.F.R. 64.1200(c) can be easily determined by a review of its policies and records.

**ANSWER:** Defendant denies it failed to comply with the TCPA or any regulation.

Defendant denies the remaining allegations in Paragraph 77.

78.     A class action is a superior method for the fair and efficient adjudication of this controversy, particularly given the modest size of claims. Management of the DNC Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

**ANSWER:** Defendant admits that Plaintiff filed a putative class action. Defendant

denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.

Defendant denies the remaining allegations in Paragraph 78.

79.     Defendant made the aforementioned calls to Plaintiff and similar calls to DNC Class members knowing that it was making calls to residential telephone lines registered with national Do Not Call registry.

**ANSWER:** Defendant denies the allegations in Paragraph 79.

80.     Defendant, was aware, prior to making the aforementioned calls to Plaintiff and similar calls to DNC Class members, that it was prohibited by the TCPA from calling Plaintiff's and DNC Class members' residential telephone lines.

**ANSWER:**    Defendant denies that Defendant made telemarketing sales calls to Plaintiff or others on the national do not call registry.  Defendant admits that it was aware of the prohibitions regarding making telemarketing sales calls to persons on the national do not call registry.  Defendant denies the remaining allegations in Paragraph 80.

81.    Defendant knowingly and willfully violated the TCPA.

**ANSWER:**    Defendant denies the allegations in Paragraph 81.

82.    Pursuant to 47 U.S.C. §227(c)(5)(B), Plaintiff and each DNC Class member is entitled to statutory damages of $500 for each of Defendant's illegal calls.

**ANSWER:**    Defendant denies the allegations in Paragraph 82.

83.    Pursuant to 47 U.S.C. §227(c)(5), Plaintiff and each DNC Class member is entitled to treble damages of up to $1,500 for each of Defendant's illegal calls.

**ANSWER:**    Defendant denies the allegations in Paragraph 83.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in Defendant's favor and against Plaintiff and award Defendant its costs and such other relief as this Court deems just.

Dated:  October 11, 2016                    Respectfully submitted,

**LIBERTY POWER HOLDINGS LLC**,
Defendant.

By:  /s/Jonathan N. Ledsky
One of Its Attorneys

Jonathan N. Ledsky
Jonathan.Ledsky@huschblackwell.com
Scott J. Helfand
Scott.Helfand@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 Facsimile

<u>**CERTIFICATE OF SERVICE**</u>

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing, **Defendant's Answer to Plaintiff's Class Action Complaint**, was served electronically

upon counsel of record:

Paul F. Markoff
paul@markleinlaw.com

Karl G. Leinberger
karl@markleinlaw.com

by the filing of said document through the Court's electronic filing system this 11th day of October,

2016.


By: /s/Jonathan N. Ledsky
Jonathan N. Ledsky