**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 16 C 7553 |
| v. | ) ) | Judge Der-Yeghiayan |
| LIBERTY POWER HOLDINGS LLC, a Delaware limited liability company, | ) ) ) ) | Magistrate Weisman |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff George Moore ("Plaintiff") and Defendant Liberty Power Holdings LLC ("Defendant"), by their respective counsel, submit this Joint Initial Status Report pursuant to this Court's Standing Order.

**1. Nature of Claims and Counterclaims.** Plaintiff alleges that Defendant knowingly and willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., by calling Plaintiff on his residential telephone line using an artificial or prerecorded voice without his prior express consent and calling Plaintiff on his residential telephone line more than once in a 12 month period despite Plaintiff's residential telephone line being registered on the national Do Not Call Registry. Defendant denies that it made such calls to Plaintiff. Defendant affirmatively states that, although a third party might have placed the alleged calls to Plaintiff, the third party was not acting on Defendant's behalf.

**2. Relief Sought by Plaintiff.** Total relief sought is unknown, because Plaintiff does not have information on class size or enough facts to assess the range of potential damages. Plaintiff seeks statutory damages of $500 per violation of the TCPA and $1,500 per willful

violation of the TCPA, an injunction enjoining Defendant from making calls that violate the TCPA, plus costs. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that class certification is appropriate.

        **3.**      **Names of parties not served.**  None.

        **4.**      **Principal legal issues.**   The principal legal issues are whether Plaintiff is entitled to recover against Defendant under the TCPA and whether class certification is appropriate.

        **5.**      **Principal factual issues.**  Whether class certification is appropriate; whether Defendant made the alleged calls; whether the alleged calls were made on Defendant's behalf; whether Defendant violated the TCPA; and whether Defendant knowingly or willfully violated the TCPA.

        **6.**      **List of pending motions and brief summary of bases for motions.**  None.

        **7.**      **Description of discovery requested and exchanged.**  None.

        **8.**      **Type of discovery needed.**  Written and oral. The parties anticipate conducting discovery on the following topics:

        a.    Insurance coverage
        b.    Whether Defendant made the calls alleged
        c.    Whether the calls were made on Defendant's behalf
        d.    Whether Defendant made telemarketing calls using an artificial or prerecorded voice to other putative class members;
        e.    Whether Defendant made telemarketing calls more than once in any 12 month period to numbers registered with the national Do Not Call Registry;
        f.    Class certification issues
        g.    Third party call center issues;
        h.    Whether the alleged calls were made knowingly or willfully; and
        i.    Damages.

        **9.**      **Proposed scheduling dates.**

        a.    Rule 26(1) disclosures:           November 3, 2016
        b.    Fact discovery close:              April 28, 2017
        c.    Plaintiff expert report disclosure:   May 26, 2017
             Defendant expert report disclosure:  June 23, 2017

|  |  | Expert discovery close: | July 28, 2017 |
|---|---|---|---|
|  | d. | Dispositive motion deadline: | August 31, 2017 |
|  | e. | Final pre-trial order due: | September 29, 2017 |

**10.** **Estimation of when case will be ready for trial.** October 30, 2017.

**11.** **Probably length of trial.** 5 days.

**12.** **Jury trial request.** Plaintiff has requested a jury trial.

**13.** **Settlement discussions.** None.

**14.** **Consent to Magistrate jurisdiction.** The parties have not agreed to consent to the Magistrate Judge.


GEORGE MOORE, Plaintiff                     LIBERTY POWER HOLDINGS
                                            LLC, Defendant,

By:   /s Karl Leinberger                    By:   s/ Jonathan N. Ledsky
      Plaintiff's Attorney                        Defendant's Attorney

Paul F. Markoff                             Jonathan N. Ledsky
Karl G. Leinberger                          Scott J. Helfand
Markoff Leinberger LLC                      Husch Blackwell LLP
134 N LaSalle St Ste 1050                   120 S Riverside Plaza Ste 2200
Chicago IL 60602                            Chicago IL 60606
312.726.4162 (p)                            312.655.1500 (p)
312.674.7272 (f)                            312.655.1501 (f)
paul@markleinlaw.com                        jonathan.ledsky@huschblackwell.com

3

**CERTIFICATE OF SERVICE**

  I certify that I served a copy of this *Joint Initial Status Report* on the following electronically by using the CM/ECF system on this 17th day of October, 2016:

Jonathan N. Ledsky (jonathan.ledsky@huschblackwell.com)
Scott J. Helfand (scott.helfand@huschblackwell.com)
Husch Blackwell LLP
120 S Riverside Plaza Ste 2200
Chicago IL 60602

             s/ Karl Leinberger
             Karl Leinberger

4