**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | No. 16 C 7553 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Der-Yeghiayan |
| LIBERTY POWER HOLDINGS LLC, a Delaware limited liability company, | ) ) ) | Magistrate Weisman |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION TO COMPEL 26(a)(1) DISCLOSURES**

Plaintiff George Moore, by and through his attorneys, and pursuant to FED. R. CIV. P. 37(a)(3), moves this Court for an order compelling Defendant Liberty Power Holdings LLC to make disclosures required by FED. R. CIV. P. 26(a)(1). In support of this Motion, Plaintiff states as follows:

1. This case alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. On October 17, 2016, the parties' respective counsel conducted a Rule 26(f) conference by telephone, during which they agreed to exchange Rule 26(a)(1) disclosures by November 3, 2016.

3. The parties' agreement is reflected in the Joint Initial Status Report filed with this Court. [DE 14].

4. Pursuant to the parties Joint Initial Status Report [DE 14] and Rule 16 Scheduling Conference on October 20, 2016, this Court entered a case schedule that adopted the parties'

proposed case schedule but did not include the deadline for making Rule 26(a)(1) disclosures. [DE 16].

5. On November 3, 2016, Defendant's counsel, Jonathan Ledsky, requested by telephone an extension for Rule 26(a)(1) disclosures to the following week, to which the undersigned counsel agreed.

6. On November 22, 2016, the undersigned counsel inquired by email of Defendant's counsel when he would receive Defendant's Rule 26(a)(1) disclosures, but that email went unanswered.

7. On December 2, 2016, at approximately 3:39 pm, the undersigned counsel spoke by telephone with Defendant's counsel, Mr. Ledsky, and requested Defendant's Rule 26(a)(1) disclosures, and Mr. Ledsky advised that he would provide them by December 5, 2016.

8. Defendant did not provide its Rule 26(a)(1) disclosures by December 5, 2016.

9. On December 6, 2016, the undersigned counsel emailed Defendant's counsel requesting that they forward Defendant's Rule 26(a)(1) disclosures that were promised by December 5, 2016.

10. Defendant's counsel did not respond to the email.

11. On December 7, 2016, the undersigned counsel emailed Defendant's counsel requesting that they respond to the undersigned counsel's December 6, 2016 email.

12. On December 7, 2016, Defendant's counsel, Mr. Ledsky, responded by email that he has tried to reach his client for approval of draft Rule 26(a)(1) disclosures, that his client is out of town, that he has left several messages and that he apologized for the delay.

13. On December 7, 2016, the undersigned counsel advised Defendant's counsel by email that Plaintiff would file a motion to compel on December 8, 2016 due to this Court's

anticipated extended absence (in that the only available motion date is December 13, 2016, and this Court requires motions to be filed three(3) business days prior to that).

14. Defendant still has not provided its Rule 26(a)(1) disclosures.

15. Plaintiff's undersigned counsel has tried to be accommodating but this Court has set a schedule, and Defendant's Rule 26(a)(1) disclosures are already more than a month late.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court compel Defendant to make disclosures required by FED. R. CIV. P. 26(a)(1), award Plaintiff his attorneys' fees incurred in preparing and pursuing this Motion and grant such other relief as this Court deems proper.

                    GEORGE MOORE, Plaintiff

          By:    /s Paul F. Markoff
                    Plaintiff's Attorney

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602
312.726.4162 (p)
312.674.7272 (f)
paul@markleinlaw.com

## **CERTIFICATION**

Pursuant to L.R. 37.2, the undersigned certifies that after consultation in good faith by telephone, and good faith attempts to resolve differences, the parties are unable to reach an accord. Furthermore, the undersigned certifies that the undersigned further attempts to engage in such consultation were unsuccessful due to no fault of the undersigned's.

                    s/ Paul F. Markoff
                    Paul F. Markoff

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this *Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures* on the following electronically by using the CM/ECF system on this 8th day of December, 2016:

Jonathan N. Ledsky (jonathan.ledsky@huschblackwell.com)
Scott J. Helfand (scott.helfand@huschblackwell.com)
Husch Blackwell LLP
120 S Riverside Plaza Ste 2200
Chicago IL 60602

/s Paul F. Markoff

4