**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE MOORE, individually and on behalf of others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 16-Cv7553** |
| **LIBERTY POWER HOLDINGS LLC, a Delaware limited liability company, and N S UNIVERSAL ENTERPRISE, INC. d/b/a Intersoft BPO Solutions,** | ) ) ) ) ) | **Judge Samuel Der-Yeghiayan Magistrate Judge M. David Weisman** |
| **Defendants.** | ) | |

**DEFENDANT LIBERTY POWER HOLDINGS, LLC'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Liberty Power Holdings LLC ("Liberty Power"), by its attorneys, answers

Plaintiff's First Amended Class Action Complaint as follows:

1.     This is a consumer class action based upon Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Defendants, or people acting on Defendants' behalf, called Plaintiff and other putative class members on their residential telephone lines using an artificial or prerecorded voice without their prior express consent and called Plaintiff and other putative class members on their residential telephone lines more than once in a 12 month period despite those lines being on the national Do Not Call registry. Defendants willfully chose to ignore compliance with the TCPA. As such, Defendants willfully inundated Plaintiff and other putative class members with illegal telemarketing calls.

**ANSWER:**     Liberty Power admits that Plaintiff filed this putative class action under

the Telephone Consumer Protection Act ("TCPA").  Liberty Power denies that Liberty Power or

anyone acting on Liberty Power's behalf violated the TCPA or willfully ignored compliance

with the TCPA.  Liberty Power denies the remaining allegations in Paragraph 1 directed at

Liberty Power.  Liberty Power lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 1 that are not directed at Liberty Power.

2.     Plaintiff is an individual who resides in this district.

**ANSWER:**     Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.     Liberty is a Delaware limited liability company with its principal place of business in Ft. Lauderdale, Broward County, Florida.

**ANSWER:**     Liberty Power admits the allegations in Paragraph 3.

4.     Intersoft is a Texas corporation with its principal place of business in Plano, Collin County, Texas.

**ANSWER:**     Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**     Liberty Power admits the allegations in Paragraph 5.

6.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

**ANSWER:**     Liberty Power admits that venue is proper.  Liberty Power denies the allegations directed at Liberty Power regarding the alleged events giving rise to the claims. Liberty Power denies any remaining allegations directed at Liberty Power in Paragraph 6.

7.     Liberty is an alternate retail electric supplier that sells the commodity electricity to end-users.

**ANSWER:**     Liberty Power affirmatively states that Liberty Power provides retail electricity to electricity users.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 7.

8.     Liberty markets its products through "Sales Channels," which are separate entities that sell Liberty's electricity products.

**ANSWER:**     Liberty Power admits that it markets its services through vendors, who are separate entities from Liberty Power.  Liberty Power admits that individuals at Liberty Power

have referred to these entities as "sales channels." Liberty Power denies any remaining allegations in Paragraph 8.

9.   Liberty refers to the Sales Channel entities as "Channel Partners."

**ANSWER:**   Liberty Power admits that it markets its services through vendors, who are separate entities from Liberty Power. Liberty Power admits that individuals at Liberty Power have referred to these entities as "channel partners." Liberty Power denies any remaining allegations in Paragraph 9.

10.   Some Channel Partners market Liberty's products using telemarketers to make outbound sales calls.

**ANSWER:**   Liberty Power admits that Liberty Power's sales-channel vendors make phone calls to potential customers regarding Liberty Power's services. Liberty Power affirmatively states that, under its contracts with its sales-channel vendors, sales-channel vendors are prohibited from hiring third-party subcontractors without Liberty Power's prior written authorization. Liberty Power affirmatively states that Liberty Power did not authorize N S Universal Enterprise, Inc. d/b/a Intersoft BPO Solutions ("Intersoft BPO Solutions") to hire a third-party telemarketer to contact Plaintiff or anyone else. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

11.   At all relevant times, Intersoft was a Liberty Channel Partner.

**ANSWER:**   Liberty Power admits the allegations in Paragraph 11.

12.   At all relevant times, Intersoft employed or contracted telemarketers in, on information and belief, Lahore, Pakistan to sell Liberty's products.

**ANSWER:**   Liberty Power admits that Intersoft-BPO Solutions made phone calls to potential customers regarding Liberty Power's services. Liberty Power affirmatively states that, under its contracts with its sales-channel vendors (including Intersoft-BPO Solutions), sales-

3

channel vendors are prohibited from hiring third-party subcontractors without Liberty Power's prior written authorization. Liberty Power affirmatively states that Liberty Power did not authorize Intersoft BPO Solutions to hire a third-party telemarketer to contact Plaintiff or anyone else. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

13. Liberty expressly authorized Intersoft to use telemarketers to sell Liberty's products.

**ANSWER:** Liberty Power admits that Liberty Power authorized Intersoft-BPO Solutions to make phone calls to potential customers regarding Liberty Power's services. Liberty Power affirmatively states that, under its contracts with its sales-channel vendors (including Intersoft-BPO Solutions), sales-channel vendors are prohibited from hiring third-party subcontractors without Liberty Power's prior written authorization. Liberty Power affirmatively states that Liberty Power did not authorize Intersoft BPO Solutions to hire a third-party telemarketer to contact Plaintiff or anyone else. Liberty Power denies any remaining allegations in Paragraph 13.

14. Liberty knew about, and consented to, Intersoft using telemarketers to sell Liberty's products.

**ANSWER:** Liberty Power admits that Liberty Power authorized Intersoft-BPO Solutions to make phone calls to potential customers regarding Liberty Power's services. Liberty Power affirmatively states that, under its contracts with its sales-channel vendors (including Intersoft-BPO Solutions), sales-channel vendors are prohibited from hiring third-party subcontractors without Liberty Power's prior written authorization. Liberty Power affirmatively states that Liberty Power did not authorize Intersoft BPO Solutions to hire a third-party telemarketer to contact Plaintiff or anyone else. Liberty Power denies any remaining allegations in Paragraph 14.

4

15. Liberty provided training to Intersoft on how to sell Liberty's products.

**ANSWER:** Liberty Power objects that, because the word "training" is not defined, the allegations of Paragraph 15 are vague and ambiguous. Liberty Power affirmatively states that, under the terms of its contract with Liberty Power, Intersoft-BPO Solutions agreed to, among other things, comply with all applicable laws (including consumer-protection laws), use only scripts approved by Liberty Power, call only individuals on leads lists scrubbed to exclude, among others, individuals registered on the Do Not Call registry, and adhere to industry best practices and a code of conduct in selling Liberty Power's services. Liberty Power affirmatively states that Liberty Power provided Intersoft-BPO solutions scrubbed leads list and sales scripts to assist Intersoft-BPO Solutions in lawfully and effectively selling Liberty Power's services. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 15, including any allegations based on the vague and ambiguous term "training."

16. Liberty provided leads for Intersoft to call to sell Liberty's products.

**ANSWER:** Liberty Power admits the allegations in Paragraph 16.

17. Liberty wrote the telemarketing scripts for Intersoft to use to sell Liberty's products.

**ANSWER:** Liberty Power admits that it provided scripts to Intersoft BPO Solutions to use in marketing Liberty Power's services. Liberty Power denies any remaining allegations in Paragraph 17.

18. Liberty provided other resources and assistance to Intersoft to assist in selling Liberty's products.

**ANSWER:** Liberty Power objects that, because the phrase "other resources and assistance" is not defined, the allegations in Paragraph 18 are vague and ambiguous. Liberty Power affirmatively states that, under the terms of its contract with Liberty Power, Intersoft-BPO

5

Solutions agreed to, among other things, comply with all applicable laws (including consumer-protection laws), use only scripts approved by Liberty Power, call only individuals on leads lists scrubbed to exclude individuals registered on the Do Not Call registry, and adhere to industry best practices and a code of conduct in selling Liberty Power's services. Liberty Power affirmatively states that Liberty Power provided Intersoft-BPO solutions scrubbed leads list and sales scripts to assist Intersoft-BPO Solutions in lawfully and effectively selling Liberty Power's services. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 18.

19.     Intersoft's telemarketers advised prospective customers that they were calling on behalf of Liberty.

**ANSWER:**     Liberty Power objects that, because the allegations in Paragraph 19 do not identify any calls, the allegations in Paragraph 19 are vague and ambiguous. Liberty Power affirmatively states that, under its contracts with its sales-channel vendors, sales-channel vendors are prohibited from hiring third-party subcontractors without Liberty Power's prior express authorization. Liberty Power affirmatively states that Liberty Power did not authorize Intersoft BPO Solutions to hire a third-party telemarketer to contact Plaintiff or anyone else. Liberty Power affirmatively states that, without Liberty Power's knowledge or authorization, Intersoft BPO Solutions apparently hired a third-party telemarketer who contacted Plaintiff without Liberty Power's knowledge or authorization. Liberty Power affirmatively states that, on the single recording of a call to a prospective customer provided by Plaintiff, the third-party telemarketer does not state that he was "calling on behalf of Liberty Power." Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19.

20.     Intersoft's telemarketers did not disclose that they were calling on behalf of Intersoft.

**ANSWER:**   Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.   Liberty did not adequately oversee Intersoft's telemarketing operations.

**ANSWER:**   Liberty Power denies the allegations in Paragraph 21.  Liberty Power affirmatively states that in its contracts with its sales-channels, such sales-channels agree to comply with all local, state, and federal laws and regulations applicable to telemarketing.

22.   Liberty did not verify that Intersoft's telemarketers complied with the TCPA.

**ANSWER:**   Liberty Power affirmatively states that, under its contracts with its sales-channels, sales-channels are prohibited from hiring third-party subcontractors without Liberty Power's prior express authorization.  Liberty Power affirmatively states that Liberty Power did not authorize Intersoft BPO Solutions to hire a third-party telemarketer to contact Plaintiff or anyone else.  Liberty Power affirmatively states that in its contracts with its sales-channels, such sales-channels agree to comply with all local, state, and federal laws and regulations applicable to telemarketing.  Liberty Power denies any remaining allegations in Paragraph 22.

## COUNT I

23.   Plaintiff incorporates herein by references paragraphs 1-22.

**ANSWER:**   Liberty Power incorporates its answers to Paragraphs 1-22 as its answer to Paragraph 23.

24.   47 U.S.C. § 227(b)(1)(B) makes it unlawful for any person

to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

**ANSWER:** Liberty Power admits that Paragraph 24 incorporates a portion of the TCPA. Liberty Power denies that Paragraph 24 quotes the entirety of the TCPA or the totality of the TCPA that is applicable. Liberty Power denies any remaining allegations in Paragraph 24.

25. On November 13, 2015 at 9:53 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 25.

26. On December 18, 2015 at 3:47 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 26.

27. On January 19, 2016 at 11:10 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 27.

28. On February 11, 2016 at 6:25 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 28.

29. On March 4, 2016 at 10:14 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**    Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 29.

30.    On March 18, 2016 at 6:32 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**    Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 30.

31.    On April 11, 2016 at 3:43 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**    Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 31.

32.    On April 20, 2016 at 1:49 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**    Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 32.

33.    On May 2, 2016 at 5:06 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**    Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 33.

34.    On May 6, 2016 at 1:14 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 34.

35. On May 11, 2016 at 3:04 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf. Liberty Power admits that, based on the single recording provided by Plaintiff, Plaintiff appears to have received a sales call on May 11 at 3:04 p.m. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 35.

36. Each of the aforementioned calls was made by Defendants or their authorized agents.

**ANSWER:** Liberty Power denies that Liberty Power, any agent of Liberty Power, or anyone acting on Liberty Power's behalf made any of these calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 36.

37. Each of the aforementioned calls used an artificial or prerecorded voice to deliver a message that Defendants, or their agents, were attempting to sell a potential discount on electricity.

**ANSWER:** Liberty Power denies that Liberty Power, any agent of Liberty Power, or anyone acting on Liberty Power's behalf made any of these calls. Liberty Power affirmatively states that, in the single recording provided by Plaintiff, there is no statement that Liberty Power or any agent of Liberty Power is attempting to sell a potential discount on electricity. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 37.

38. Plaintiff did not give Defendants or their agents his prior express consent to make any of the aforementioned calls.

**ANSWER:** Liberty Power denies that Liberty Power, any agent of Liberty Power, or anyone acting on Liberty Power's behalf made any of these calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.

39. None of the aforementioned calls was initiated for emergency purposes or exempted by rule or order of the Federal Communications Commission.

**ANSWER:** Liberty Power denies that Liberty Power, any agent of Liberty Power, or anyone acting on Liberty Power's behalf made any of these calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39.

40. Plaintiff brings this action individually and on behalf of the following putative Artificial Voice Class:

> All persons within the United States who received, since July 26, 2012, one or more telephone calls by, or on behalf of, Liberty Power Holdings LLC ("Liberty"), that were made using an artificial or prerecorded voice and for which (a) the called telephone numbers appear in the records of Liberty, its agents, its Sales Channel Partners, its telephone carrier(s) or the telephone carriers of Liberty's call centers or (b) for which the called persons' own records prove that they received such calls.

**ANSWER:** Liberty Power admits that Plaintiff filed a putative class action. Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate. Liberty Power denies the remaining allegations in Paragraph 40.

41. The Artificial Voice Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Artificial Voice Class size and modest value of individual claims. On information and belief, there are more than 100 persons meeting the above-referenced Artificial Voice Class definition. Artificial Voice Class members can be identified through Defendants' records.

**ANSWER:** Liberty Power admits that Plaintiff filed a putative class action. Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate. Liberty Power lacks knowledge or information sufficient to form a belief about the

truth of any allegations in Paragraph 41 that are not directed at Liberty Power. Liberty Power

denies the remaining allegations in Paragraph 41.

42.     Plaintiff's claims are typical of the claims of the Artificial Voice Class members, as they are based on the same legal theory and arise from the same unlawful and willful conduct.

**ANSWER:**     Liberty Power admits that Plaintiff filed a putative class action. Liberty

Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate. Liberty Power denies the remaining allegations in Paragraph 42.

43.     There are common questions of law and fact affecting members of the Artificial Voice Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

   a.     Whether Defendants made non-emergency telephone calls to Artificial Voice Class members' residential telephone lines using an artificial or prerecorded voice;
   b.     Whether Defendants had express consent of Artificial Voice Class members to receive such calls;
   c.     Whether Defendants acted knowingly or willfully; and
   d.     Whether Defendants should be enjoined from making non-emergency telephone calls to residential telephone lines using an artificial or prerecorded voice.

**ANSWER:**     Liberty Power admits that Plaintiff filed a putative class action. Liberty

Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate. Liberty Power lacks knowledge or information sufficient to form a belief about the

truth of any allegations in Paragraph 43 that are not directed at Liberty Power. Liberty Power

denies the remaining allegations in Paragraph 43.

44.     Plaintiff will fairly and adequately represent the Artificial Voice Class members. Plaintiff has no interests that conflict with the interests of Artificial Voice Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

**ANSWER:** Liberty Power admits that Plaintiff filed a putative class action. Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate. Liberty Power denies the remaining allegations in Paragraph 44.

45. This action should be maintained as a class action because the prosecution of separate actions by individual Artificial Voice Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Artificial Voice Class.

**ANSWER:** Liberty Power admits that Plaintiff filed a putative class action. Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate. Liberty Power denies the remaining allegations in Paragraph 45.

46. Whether Defendants failed to comply with 47 U.S.C. § 227(b)(1)(B) can be easily determined by a review of its [*sic*] policies and records.

**ANSWER:** Liberty Power denies it failed to comply with the TCPA or any regulation. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 46 that are not directed at Liberty Power. Liberty Power denies the remaining allegations in Paragraph 46.

47. A class action is a superior method for the fair and efficient adjudication of this controversy, particularly given the modest size of claims. Management of the Artificial Voice Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

**ANSWER:** Liberty Power admits that Plaintiff filed a putative class action. Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate. Liberty Power denies the remaining allegations in Paragraph 47.

48. Defendants made the aforementioned calls to Plaintiff and similar calls to Artificial Voice Class members knowing that they were using an artificial or prerecorded voice.

**ANSWER:** Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls. Liberty Power lacks knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 48 that are not directed at Liberty Power. Liberty Power denies any remaining allegations in Paragraph 48.

49.     Defendants were aware, prior to making the aforementioned calls to Plaintiff and similar calls to Artificial Voice Class members, that they were prohibited by the TCPA from calling Plaintiff's and Artificial Voice Class members' residential telephone lines using an artificial or prerecorded voice.

**ANSWER:**     Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls. Liberty Power admits that it was aware of the prohibitions under the TCPA regarding artificial or prerecorded voice messages. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 that are not directed at Liberty Power. Liberty Power denies any remaining allegations in Paragraph 49.

50.     Defendants knowingly and willfully violated the TCPA.

**ANSWER:**     Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 that are not directed at Liberty Power. Liberty Power denies the remaining allegations in Paragraph 50.

51.     Pursuant to 47 U.S.C. §227(b)(3)(B), Plaintiff and each Artificial Voice Class member is entitled to statutory damages of $500 for each of Defendants' illegal calls.

**ANSWER:**     Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 that are not directed at Liberty Power. Liberty Power denies the remaining allegations in Paragraph 51.

52.     Pursuant to 47 U.S.C. §227(b)(3), Plaintiff and each Artificial Voice Class member is entitled to treble damages of up to $1,500 for each of Defendants' illegal calls.

**ANSWER:**    Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 that are not directed at Liberty Power. Liberty Power denies the remaining allegations in Paragraph 52.

WHEREFORE, Liberty Power respectfully requests that this Court enter judgment in Liberty Power's favor and against Plaintiff and award Liberty Power its costs and such other relief as this Court deems just.

### COUNT II
### Violations of the TCPA

53.    Plaintiff incorporates herein by references paragraphs 1-22.

**ANSWER:**    Liberty Power incorporates its answers to Paragraphs 1-22 as its answer to Paragraph 53.

54.    Pursuant to 15 U.S.C. § 6151, the Federal Trade Commission ("FTC") was authorized to implement and enforce a national do-not-call registry.

**ANSWER:**    Liberty Power admits the allegations in Paragraph 54.

55.    The FTC established a do-not-call registry in 2003.

**ANSWER:**    Liberty Power admits the allegations in Paragraph 55.

56.    Pursuant to 47 C.F.R. 64.1200(c), No personal or entity shall initiate any telephone solicitation to:

　　　　*        *        *

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government….

**ANSWER:**    Liberty Power admits that Paragraph 56 incorporates a portion of 47 C.F.R. 64.1200(c). Liberty Power denies that Paragraph 56 quotes the entirety of 47 C.F.R.

64.1200(c) or the totality of 47 C.F.R. 64.1200(c) that is applicable. Liberty Power denies any remaining allegations in Paragraph 56 directed at Liberty Power.

57.     On March 30, 2012, Plaintiff registered his residential telephone line, number xxx- xxx-1188, with the national Do Not Call registry ("DNC list").

**ANSWER:**     Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.     Plaintiff has never removed his residential telephone line from the DNC list.

**ANSWER:**     Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.     On November 13, 2015 at 9:53 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 59.

60.     On December 18, 2015 at 3:47 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 60.

61.     On December 18, 2015 at 3:54 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 61.

62. On December 18, 2015 at 3:55 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 62.

63. On December 18, 2015 at 3:57 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 63.

64. On December 18, 2015 at 3:58 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 64.

65. On December 18, 2015 at 3:58 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations in Paragraph 65.

66.     On December 18, 2015 at 3:59 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 66.

67.     On December 18, 2015 at 4:00 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 67.

68.     On January 19, 2016 at 11:10 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 68.

69.     On February 11, 2016 at 6:25 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 69.

70.     On February 11, 2016 at 6:31 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from

Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations in Paragraph 70.

71.     On February 11, 2016 at 6:31 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from

Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations in Paragraph 71.

72.     On February 11, 2016 at 6:32 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from

Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations in Paragraph 72.

73.     On February 12, 2016 at 5:27 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from

Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining

allegations in Paragraph 73.

74.     On February 12, 2016 at 5:29 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 74.

75. On February 12, 2016 at 5:29 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 75.

76. On March 4, 2016 at 10:14 a.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 76.

77. On March 18, 2016 at 6:32 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:** Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 77.

78. On April 11, 2016 at 3:43 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 78.

79.     On April 20, 2016 at 1:49 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 79.

80.     On May 2, 2016 at 5:06 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 80.

81.     On May 2, 2016 at 5:12 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 81.

82.     On May 2, 2016 at 5:13 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power

lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 82.

83.     On May 6, 2016 at 1:14 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 83.

84.     On May 6, 2016 at 1:17 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 84.

85.     On May 6, 2016 at 1:17 p.m. (a second call at that time), Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 85.

86.     On May 11, 2016 at 3:04 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line.  Liberty Power admits that, based on the single recording provided by Plaintiff, Plaintiff appears to have

received a sales call on May 11 at 3:04 p.m. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 86.

87.     On May 11, 2016 at 3:08 p.m., Plaintiff received a telemarketing sales call from Defendants, or on Defendants' behalf, on his residential telephone line.

**ANSWER:**     Liberty Power denies that Plaintiff received a telemarketing sales call from Liberty Power or on Liberty Power's behalf on his residential telephone line. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 87.

88.     Each of the aforementioned calls was made by Defendants or their authorized agents.

**ANSWER:**     Liberty Power denies Liberty Power, any agent of Liberty Power, or anyone acting on Liberty Power's behalf made any of these alleged calls. Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 88.

89.     None of the aforementioned calls was initiated for emergency purposes or exempted by rule or order of the Federal Communications Commission.

**ANSWER:**     Liberty Power denies that Plaintiff received any telemarketing sales call from Liberty Power or on Liberty Power's behalf. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 89.

90.     Plaintiff brings this action individually and on behalf of the following putative DNC Class:

> All persons within the United States who received, since July 26, 2012, more than one telephone call within any 12-month period by, or on behalf of, Liberty Power Holdings LLC ("Liberty") to a residential telephone line that was registered with the national Do Not Call registry maintained by the Federal Government and for which (a) the called telephone numbers appear in the records of Liberty, its agents, its Sales Channel Partners, its telephone carrier(s) or the telephone carriers of Liberty's call centers or (b)

for which the called persons' own records prove that they received such calls.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.  Liberty Power denies the remaining allegations in Paragraph 90.

91.    The DNC Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected DNC Class size and modest value of individual claims. On information and belief, there are more than 100 persons meeting the above-referenced DNC Class definition.  DNC Class members can be identified through Defendants' records.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 91 that are not directed at Liberty Power.  Liberty Power denies the remaining allegations in Paragraph 91.

92.    Plaintiff's claims are typical of the claims of the DNC Class members, as they are based on the same legal theory and arise from the same unlawful and willful conduct.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.  Liberty Power denies the remaining allegations in Paragraph 92.

93.    There are common questions of law and fact affecting members of the DNC Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

a.    Whether Defendants made telephone calls to DNC Class members' residential telephone lines at times when the lines were registered on the national Do Not Call registry;
b.    Whether Defendants acted knowingly or willfully; and
c.    Whether Defendants should be enjoined from making telephone calls to residential telephone lines that are registered with the national Do Not Call registry.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty

Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate.  Liberty Power lacks knowledge or information sufficient to form a belief about the

truth of any allegations in Paragraph 93 that are not directed at Liberty Power.  Liberty Power

denies the remaining allegations in Paragraph 93.

94.    Plaintiff will fairly and adequately represent the DNC Class members. Plaintiff
has no interests that conflict with the interests of DNC Class members. Plaintiff has retained
counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any
interests that might cause them not to pursue these claims vigorously.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty

Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate.  Liberty Power denies the remaining allegations in Paragraph 94.

95.    This action should be maintained as a class action because the prosecution of
separate actions by individual DNC Class members would create a risk of inconsistent or varying
adjudications with respect to individual members that would establish incompatible standards of
conduct for the parties opposing the DNC Class.

**ANSWER:**    Liberty Power admits that Plaintiff filed a putative class action.  Liberty

Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is

appropriate.  Liberty Power denies the remaining allegations in Paragraph 95.

96.    Whether Defendants failed to comply with 47 C.F.R. 64.1200(c) can be easily
determined by a review of its policies and records.

**ANSWER:**    Liberty Power lacks knowledge or information sufficient to form a belief

about the truth of any allegations in Paragraph 96 that are not directed at Liberty Power.  Liberty

Power denies the remaining allegations in Paragraph 96.

97.    A class action is a superior method for the fair and efficient adjudication of this
controversy, particularly given the modest size of claims. Management of the DNC Class claims
is likely to present significantly fewer difficulties than those presented in many individual
claims.

**ANSWER:**  Liberty Power admits that Plaintiff filed a putative class action.  Liberty Power denies that class certification under Rule 23 of the Federal Rules of Civil Procedure is appropriate.  Liberty Power denies the remaining allegations in Paragraph 97.

98.  Defendants made the aforementioned calls to Plaintiff and similar calls to DNC Class members knowing that they were making calls to residential telephone lines registered with the national Do Not Call registry.

**ANSWER:**  Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made the alleged calls.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 that are not directed at Liberty Power.  Liberty Power denies any remaining allegations in Paragraph 98

99.  Defendants were aware, prior to making the aforementioned calls to Plaintiff and similar calls to DNC Class members, that it was prohibited by the TCPA from calling Plaintiff's and DNC Class members' residential telephone lines.

**ANSWER:**  Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf made telemarketing sales calls to Plaintiff or others on the national do not call registry.  Liberty Power admits that it was aware of the prohibitions regarding making telemarketing sales calls to persons on the national do not call registry.  Liberty Power lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 99 that are not directed at Liberty Power.  Liberty Power denies any remaining allegations in Paragraph 99.

100.  Defendants knowingly and willfully violated the TCPA.

**ANSWER:**  Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf violated the TCPA.

101.  Pursuant to 47 U.S.C. §227(c)(5)(B), Plaintiff and each DNC Class member is entitled to statutory damages of $500 for each of Defendants' illegal calls.

**ANSWER:**    Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf violated the TCPA.  Liberty Power denies that Plaintiff or anyone else is entitled to relief against Liberty Power under the TCPA.  Liberty Power denies the remaining allegations in Paragraph 101.

102.    Pursuant to 47 U.S.C. §227(c)(5), Plaintiff and each DNC Class member is entitled to treble damages of up to $1,500 for each of Defendants' illegal calls.

**ANSWER:**    Liberty Power denies that Liberty Power or anyone acting on Liberty Power's behalf violated the TCPA.  Liberty Power denies that Plaintiff or anyone else is entitled to relief against Liberty Power under the TCPA.  Liberty Power denies the remaining allegations in Paragraph 102.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in Defendant's favor and against Plaintiff and award Defendant its costs and such other relief as this Court deems just.

Dated:  April 6, 2017                            Respectfully submitted,

**LIBERTY POWER HOLDINGS LLC,**
Defendant.


By:        s/ Jonathan N. Ledsky
                One of Its Attorneys

Jonathan N. Ledsky
jonathan.ledsky@huschblackwell.com
Scott J. Helfand
scott.helfand@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 655-1500 Telephone
(312) 655-1501 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Paul F. Markoff
paul@markleinlaw.com

Karl G. Leinberger
karl@markleinlaw.com

*Counsel for Plaintiff*

s/ Jonathan N. Ledsky
Jonathan N. Ledsky